**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

|  |  |
|---|---|
| AGNES MOMBRUN GETER,<br><br>    Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES,<br>LLC and NAVIENT SOLUTIONS, LLC;<br><br>    Defendants. | Case No.: 8:26-cv-00433-WFJ-SPF<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO EQUIFAX INFORMATION SERVICES, LLC'S MOTION FOR JUDGMENT ON THE PLEADINGS** |

Plaintiff Agnes Mombrun Geter ("Plaintiff"), by counsel, and pursuant to Fed. R. Civ. P. 12, respectfully submits this Response in Opposition to Defendant Equifax Information Services, LLC's ("Equifax") Motion for Judgment on the Pleadings. ECF No. 27 (the "Motion").

## I.    BACKGROUND

Plaintiff brought this action on February 17, 2026, against Defendants Equifax Information Services, LLC ("Equifax") and Navient Solutions, LLC ("Navient") for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*., arising out of the inaccurate reporting of Plaintiff's private student loans serviced by Navient ("Navient Loan" or "Loan").

As alleged in Plaintiff's Complaint, in 2013, Plaintiff's Chapter 7 Bankruptcy was discharged. Complaint at ¶¶ 47-48. However, after the discharge, Navient

continued to collect payment on the Navient Loan from Plaintiff, despite the Loan being discharged via bankruptcy. *Id*. at ¶¶ 48-49. In 2021, a consumer class action lawsuit was filed against Navient, alleging that Navient wrongfully continued to collect on private student loans that were dischargeable under § 523(a)(8) of the Bankruptcy Code. *Id*. ¶ at 50.

Following the class action, Navient was required to refund Plaintiff the total amount of post-discharge payments she made, and Navient distributed a notice which indicated that the full loan balance was discharged. *Id*. ¶ at 54. Despite the discharge, Equifax continued to inaccurately report that Plaintiff owed a balance on the Navient Loan. *Id*. at ¶¶ 58-59, 64.

On May 5, 2026, Equifax filed its Motion for Judgment on the Pleadings, arguing that Plaintiff had failed to allege a cognizable inaccuracy under the FCRA. (ECF No. 27, the "Motion"). Specifically, Equifax argued that the discharge of the Navient Loan resulting from the class action was not "objectively and readily verifiable." Motion at 5. Equifax asserted that it "is not required to (i) research, understand, and interpret the class-action case; (ii) engage in analysis to determine whether Plaintiff is a certified class member; or (iii) interpret the effect of the "Class Notice and Claim Form" that Plaintiff completed and returned." *Id*.

On this point, Plaintiff inadvertently omitted a few key factual details regarding the class action and Equifax's knowledge of the discharge. Specifically,

the class action lawsuit resulted in a settlement, which imposed certain requirements on Navient. *See generally* Exhibit A, Settlement Agreement. Of note, the settlement required that for that for each class member, "Navient will…request that the Credit Reporting Agencies take steps to delete all trade lines at Credit Reporting Agencies…[and] request that the Credit Reporting Agencies update the trade lines to reflect that the loan was subject to discharge." Exhibit A at ¶ 5.6.

Thus, while Equifax's Motion may be correct given the substance of Plaintiff's Complaint, the arguments are wholly rebutted by the terms of the Settlement Agreement. With that information incorporated by reference into Plaintiff's Complaint, it becomes clear that Equifax had actual knowledge of the inaccurate character of its reporting.

## II.    <u>LEGAL STANDARD</u>

The Federal Rules of Civil Procedure provide that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).

The standard for granting judgment on the pleadings is similar to the standard for granting a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 n.8 (11th Cir. 2002). "Whether the court examine[s] [the complaint] under Rule 12(b)(6) or Rule 12(c), the question [is] the same: whether [the complaint] state[s] a claim for relief."

*Geter, Agnes Mombrun v. Equifax*
*Information Services, LLC et al*
Opposition to Motion for Judgment on the
Pleadings

*Id.* "A complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing Rule 12(b)(6)). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).

Judgment on the pleadings is appropriate when "there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998); *see also Garden Meadow, Inc. v. Smart Solar, Inc.*, 24 F.Supp. 3d 1201, 1206 (M.D. Fla. 2014). A fact is "material" if it "'might affect the outcome of the suit under the governing [substantive] law.'" *Garden Meadow*, 24 F.Supp. 3d at 1370 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986)). To determine whether the pleadings create a material factual dispute, the court must view the parties' allegations in a light most favorable to the plaintiff. *Hawthorne*, 140 F.3d at 1370.

Judgment on the pleadings should not be entered lightly. *Moecker v. Travelers Cas. & Sur. Co. of Am.*, No. 6:11-cv-1752-Orl-19DAB, 2012 U.S. Dist. LEXIS 207047, at *6-7 (M.D. Fla. Apr. 19, 2012). A court can conclude that a complaint is insufficient to state a plausible claim only "when, on the basis of a dispositive issue

of law, no construction of the factual allegations will support the cause of action. *Roma Outdoor Creations, Inc. v. City of Cumming*, 558 F.Supp. 2d 1283, 1284 (N.D. Ga. 2008) (quoting *Marshall County Bd. of Educ. V. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993)); *see also Palmer & Cay, Inc. v. Marsh & McLennan Cos., Inc.*, 404 F.3d 1297, 1303 (11th Cir. 2005) (citations omitted). Accordingly, a case is "ideally suited for disposition via Rule 12(c)" when "the relevant facts are undisputed and there are purely legal questions remaining as to liability" that are ready for immediate resolution. *Palmer & Cay*, 404 F.3d at 1303 (internal quotations and citations omitted).

Moreover, the Eleventh Circuit has applied the "incorporation by reference" doctrine to motions under Rule 12(c). *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002). Under that doctrine, "a document attached to a motion [for judgment on the pleadings] may be considered by the court without converting the motion into one for summary judgment only if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed." *Id*. "'Undisputed' in this context means that the authenticity of the document is not challenged." *Id*. A document is central to a claim where it is "a necessary part of [the plaintiff's] effort to make out a claim." *Kalpakchian v. Bank of Am. Corp.*, 832 F.App'x 579, 583 (11th Cir. 2020). The Eleventh Circuit does not require that a complaint refer to the document a party seeks to incorporate by reference. *Johnson v. City of Atlanta*, 107 F.4th 1292, 1300 (11th

Cir. 2024) (citing *Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337 (11th Cir. 2005)).

### III.   <u>ARGUMENT</u>

#### A. Plaintiff Sufficiently Alleged the Existence of an Inaccuracy

Equifax's argument in support of its Motion is two pronged. First, Equifax contends that Plaintiff failed to plead the existence of an inaccuracy because the information alleged inaccurate is not "objectively and readily verifiable." Motion at 5. Second, Equifax asserts that the inaccuracy Plaintiff alleged is a "legal dispute, rather than [] a factual inaccuracy." *Id*. at 6. These contentions are fundamentally flawed for a number of reasons, as will be detailed below.

Equifax is correct that whether an inaccuracy is "objectively and readily verifiable" is a threshold requirement for the existence of an actionable inaccuracy. *Id*. at 5 (quoting *Holden v. Holiday Inn Club Vacations Inc.*, 98 F.4th 1359, 1369 (11th Cir. 2024)). Moreover, Plaintiff concedes that the substance of the Complaint is deficient in that it does not sufficiently describe Equifax's notice of the discharged status of Plaintiff's Navient Loan. However, the Settlement Agreement from the class action lawsuit, attached hereto as *Exhibit A* under the incorporation by reference doctrine, resolves these issues.

The Settlement Agreement imposed various duties on Navient for it to perform after the conclusion of the litigation. Of note, the agreement required that

6/14

for each class member, "Navient will…request that the Credit Reporting Agencies take steps to delete all trade lines at Credit Reporting Agencies…[and] request that the Credit Reporting Agencies update the trade lines to reflect that the Loan was subject to discharge." Exhibit A ¶ 5.6. Therefore, assuming that Navient complied with the terms of the Settlement Agreement, Equifax was notified by Navient that Plaintiff's Loan was subject to discharge.

Since Equifax was in possession of information that made clear that Plaintiff's Navient Loan was discharged and that she no longer owed any balance, Equifax's subsequent reporting was blatantly inaccurate. Equifax's Motion devotes the entirety of its substance to arguing that the alleged inaccuracy was not "objectively and readily verifiable," and amounts to "legal contentions, which may only be resolved by making legal interpretations and conclusions regarding the accounts and the legal effect of the class-action settlement in the Complaint." Motion at 5-6. The Settlement Agreement forecloses any such argument.

Indeed, the Settlement Agreement shows that Navient communicated to Equifax that Plaintiff's Loan was discharged and that she no longer owed any balance. There are no legal questions or conclusions that Equifax was required to resolve. Equifax was informed that its reporting was inaccurate, thus there is no merit to its assertion that the discharged status of Plaintiff's Loan was not "objectively and readily verifiable." Motion at 5.

With the foregoing in mind, the sole question remaining is whether Equifax's reporting was inaccurate under the FCRA. The Eleventh Circuit has recognized that an "inaccuracy" under the FCRA means either factually incorrect information, or information that could be factually correct but nonetheless misleads its users as to its meaning or implication." *Erickson v. First Advantage Background Servs. Corp.*, 981 F.3d 1246, 1252 (11th Cir. 2020) (citing *Dalton v. Cap. Associated Indus., Inc.*, 257 F.3d 409, 415 (4th Cir. 2001)); *see also Sepulvado v. CSC Credit Servs., Inc.*, 158 F.3d 890, 895 (5th Cir. 1998); *Twumasi-Ankrah v. Checkr, Inc.*, 954 F.3d 938, 942 (6th Cir. 2020); *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009).

The Eleventh Circuit's holding in *Losch v. Nationstar Mortgage LLC* is instructive. 995 F.3d 937 (11th Cir. 2021). There, the Court established that a credit reporting agency's ("CRA") failure to accurately report a debt that had been discharged in bankruptcy is cognizable as an inaccuracy under the FCRA. The plaintiff applied for a mortgage and subsequently declared Chapter 7 bankruptcy. *Id*. at 940. To avoid losing his house, the plaintiff "reaffirmed his mortgage, and thus retained the debt." *Id*. However, the trustee then sold the plaintiff's home, and the servicing of the mortgage was transferred to Nationstar Mortgage ("Nationstar"). *Id*. at 940-41. Despite the plaintiff no longer owning the property, Nationstar began sending past-due notices to the plaintiff. *Id*. at 941.

As a result of these notices, the plaintiff decided to rescind his reaffirmation of the mortgage, which was granted by the bankruptcy court. *Id*. However, upon reviewing his credit report, the plaintiff discovered that his Experian report continued to report the debt and past-due balances. *Id*. The plaintiff disputed the inaccuracies with Experian, to no avail. *Id*. The plaintiff then filed suit against Experian alleging violations of 15 U.S.C. §§ 1681e(b) and 1681i and the court granted summary judgment in favor of Experian. *Id*. at 941-42. On appeal, the Eleventh circuit considered whether Experian's consumer report contained factually inaccurate information. *Id*. at 944-45.

The court answered this question in the affirmative, holding that "Experian's report was [] factually inaccurate." *Id*. at 945. On this point, Experian argued that "a bankruptcy discharge is merely an injunction against certain means of enforcing a debt, not an expungement of a debt from one's record;" thus, "it did nothing wrong by reporting a debt that still existed." *Id*. While Experian was correct that the debt technically still existed, Experian did far more than merely report its existence. Indeed, Experian reported "the balance that Losch owed, the amount that Losch was past due, and how long Losch was past due." *Id*. The court reasoned that none of this information was factually accurate after the bankruptcy discharge because the plaintiff "was no longer liable for the balance nor was he 'past due' on any amount for more than 180 days." *Id*.

The applicability of *Losch's* holding to the instant case is apparent. Here, just as in *Losch*, Plaintiff filed Chapter 7 bankruptcy. Complaint at ¶ 47. Though Plaintiff's Loan was not treated as discharged following bankruptcy, following the class action, Equifax was fully informed that Plaintiff's Loan was discharged. After which, Equifax did not simply report the existence of a debt, which would be factually accurate under the FCRA, but it inaccurately reported that Plaintiff owed a balance of $33,813 on her student loans. *Id*. at ¶¶ 57-58, 64. Therefore, Equifax's reporting went beyond reporting technically accurate information and ventured to report information that was overtly inaccurate under the FCRA.

Therefore, despite Equifax's assertions to the contrary, Plaintiff has sufficiently pled that Equifax published inaccurate information about Plaintiff.

### B. The Settlement Agreement Should Be Incorporated By Reference

The Eleventh Circuit has two requirements for a document to be incorporated by reference to a motion for judgment on the pleadings. *Horsely*, 304 F.3d at 1134. First, the document must be "central to the plaintiff's claim." *Id*. This requires that the document be "a necessary part of [the plaintiff's] effort to make out a claim." Second, the document must be "undisputed," meaning that "the authenticity of the document is not challenged." *Id*. Both of these elements are satisfied by the attached Settlement Agreement.

As a starting point, the centrality of the Settlement Agreement to Plaintiff's

*Geter, Agnes Mombrun v. Equifax Information Services, LLC et al*
Opposition to Motion for Judgment on the Pleadings

claim is beyond dispute. Indeed, it establishes that Equifax had notice that Plaintiff's Navient Loan was discharged and that she no longer owed a balance. Without the Settlement Agreement, there is no objectively and readily verifiable means by which Equifax could learn of the legal implications of the class-action settlement. The agreement mandated that Navient inform Equifax and the other CRAs of the status of Plaintiff's Loan and direct them to correct the reporting. Without the Settlement Agreement, Equifax would be permitted to hide behind a false shield of ignorance and avoid its duties under the FCRA.

Moreover, the authenticity of the Settlement Agreement is undisputable. Plaintiff is admittedly unable to know whether Equifax will dispute its authenticity until Equifax's receipt of this Opposition. However, the document was obtained from PACER and its authenticity can easily be verified by Equifax and the Court.

Therefore, the Court should permit Plaintiff to incorporate the terms of the Settlement Agreement by reference.[1]

### C. In the Alternative, the Court Should Grant Plaintiff Leave to Amend the Complaint

Under Rule 15, "[l]eave to amend a complaint 'shall freely be given when justice so requires.'" *Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir. 1993) (quoting Fed. R. Civ. P. 15(a)). "The policy of rule 15(a) in liberally permitting amendment

---

[1] To demonstrate that she was a member of the settlement class, Plaintiff also incorporates by reference Plaintiff's completed Class Notice and Claim Form, referenced at paragraph 55 of her Complaint. The Class Notice and Claim Form is attached hereto as Exhibit B.

*Geter, Agnes Mombrun v. Equifax Information Services, LLC et al*
Opposition to Motion for Judgment on the Pleadings

to facilitate determination of claims on the merits circumscribes the exercise of the district court's discretion; thus, unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Shipner v. Eastern Air Lines, Inc.*, 868 F.2d 401, 407 (11th Cir. 1989). Grounds for denying leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment[.]" *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed. 2d 222 (1962).

Equifax solely argues that Plaintiff should not be granted leave to amend because amendment would be futile. *See* Motion at 13-14. As Plaintiff has demonstrated, her core factual allegations are sufficient to state a plausible claim, and Equifax has not shown that the futility of a prospective amendment can be determined even before such an amendment would be proposed.

Furthermore, if Plaintiff is granted leave to amend, Plaintiff will incorporate factual allegations derived from the Settlement Agreement. Primarily, Plaintiff will allege that Navient directed Equifax to correct its inaccurate reporting. Adding this allegation completely defeats Equifax's assertion that the inaccuracy was not objectively and readily verifiable. Accordingly, Equifax's argument that any amendment would be futile are without merit.

Out of an abundance of caution, Plaintiff is concurrently filing a Motion for Leave to Amend the Complaint.

## IV.   **CONCLUSION**

Based on the foregoing, Plaintiff respectfully requests that Equifax's Motion be denied in its entirety. In the alternative, Plaintiff respectfully requests leave to amend her Complaint.

RESPECTFULLY SUBMITTED this 26th day of May 2026.

> _/s/ Austin Griffin_
> Austin Griffin, FL #117740
> CONSUMER JUSTICE LAW FIRM PLC
> 8095 N. 85th Way
> Scottsdale, AZ 85258
> T: (305) 433-3252
> F: (480) 613-7733
> E: agriffin@consumerjustice.com
>
> _Attorneys for Plaintiff,_
> _Agnes Mombrun Geter_

_Geter, Agnes Mombrun v. Equifax
Information Services, LLC et al_
Opposition to Motion for Judgment on the
Pleadings

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 26, 2026, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter.

*<u>/s/ Austin Griffin</u>*

*Geter, Agnes Mombrun v. Equifax*
*Information Services, LLC et al*
Opposition to Motion for Judgment on the
Pleadings